UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
DEBORAH L. BOARDMAN
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7810
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

April 21, 2020

LETTER TO COUNSEL

RE:   *Steven S. v. Commissioner, Social Security Administration*
      Civil No. DLB-19-1055

Dear Counsel:

On April 8, 2019, Plaintiff Steven S. petitioned this Court to review the Social Security Administration's ("SSA's") final decision to deny his claim for Disability Insurance Benefits. ECF No. 1. I have considered the parties' cross-motions for summary judgment, and Plaintiff's response. ECF No. 15 ("Pl.'s Mot."), ECF No. 16 ("Def.'s Mot."), ECF No. 17 ("Pl.'s Resp."). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). This Court must uphold the decision of the SSA if it is supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the Commissioner's decision in part, and remand the case to the Commissioner for further consideration. This letter explains my rationale.

Plaintiff filed his claim for benefits on April 6, 2017, alleging a disability onset date of October 1, 2014. Administrative Transcript ("Tr.") 159. His claim was denied initially and on reconsideration. Tr. 92-95, 98-99. A hearing was held on July 12, 2018, before an Administrative Law Judge ("ALJ"). Tr. 30-55. Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. Tr. 10-20. The Appeals Council denied Plaintiff's request for review, Tr. 1-6, so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "Obesity, Post-Traumatic Stress Disorder, Unspecified Depressive Disorder, Generalized Anxiety Disorder, Major Depressive Disorder, Panic Disorder and Obstructive Sleep Apnea." Tr. 12. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform light work as defined in 20 CFR 404.1567(b) except the claimant can never climb ladders, ropes or scaffolds; can occasionally climb ramps/stairs, stoop, balance, crouch and never kneel or crawl. The claimant should avoid concentrated exposure to extreme heat, cold and humidity; should avoid concentrated exposure to hazards such as moving machinery and unprotected heights; occasional interaction with the public, co-workers and supervisors; and the claimant can perform simple and routine

*Steven S. v. Commissioner, Social Security Administration*
Civil No. 19-1055-DLB
April 21, 2020
Page 2

>    tasks in a setting with only occasional and superficial changes and no production pace work.

Tr. 15. After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could not perform his past relevant work as a circuit board repairer or water treatment operator, but that he could perform other jobs existing in significant numbers in the national economy. Tr. 19-20. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 20.

Plaintiff raises one argument on appeal: that the ALJ's step-five finding is not supported by substantial evidence because the ALJ's hypothetical to the VE was flawed. Pl.'s Mot. 9-12. Specifically, Plaintiff argues that the ALJ's inclusion of the term "production pace work" without further explanation or definition was error. *Id.* at 10. For support, he cites to the Fourth Circuit's decisions in *Thomas v. Berryhill*, 916 F.3d 307, 313-14 (4th Cir. 2019), and *Perry v. Berryhill*, 765 F. App'x 869 (4th Cir. Mar. 8, 2019) (unpublished). I agree that the hypothetical was inadequate under Fourth Circuit precedent, and that remand is warranted. In remanding for further explanation, I express no opinion as to whether the ALJ's ultimate conclusion that Plaintiff is not entitled to benefits is correct.

In *Thomas*, the Fourth Circuit explained that the ALJ's failure to define "production rate or demand pace" frustrated appellate review. 916 F.3d at 312; *see also Perry*, 765 F. App'x at 872 (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the ALJ's hypothetical to the VE – and accompanying RFC – included a limitation to "no production pace work," Tr. 15, 52, without further definition or explanation. The term "production pace work" is similar to the terms "production rate" and "demand pace" that the Fourth Circuit found frustrated appellate review in *Thomas*. Therefore, remand is warranted to allow the ALJ to explain what "production pace work" means in the context of Plaintiff's claim. Without an explanation or definition of that term, I cannot conduct a substantial evidence review.

The Commissioner attempts to distinguish this case from *Thomas* by framing Plaintiff's argument as "whether the VE understood the restrictions as presented by the ALJ at the administrative hearing," and not "whether the inclusion of the restrictions in the RFC determinations was supported by substantial evidence." Def.'s Mot. 5. The Commissioner contends that the *Thomas* court was concerned with the latter. *Id.* It is true that Plaintiff framed his argument as a flaw in the hypothetical presented to the VE rather than a flaw in the RFC assessment. That is a distinction without a difference in this case. The ALJ used the same term in the hypothetical and in the RFC discussion. *See Ursula G.*, Civil No. SAG-18-1841, 2019 WL 2233978, at *2 (May 23, 2019) ("Plaintiff presents the argument as a flaw in the hypothetical presented to the VE instead of a flaw in the RFC assessment, although the deficient RFC assessment would also infect the hypothetical based on that assessment."). Moreover, even if "the VE's testimony does not evince any confusion about the terms of the hypothetical, the Court has an independent duty to determine if the ALJ supported her findings with substantial evidence." *Geneva W. v. Comm'r, Soc. Sec. Admin*, Civil No. SAG-18-1812, WL 3254533, at *3 (D. Md. July 19, 2019) (citing 42 U.S.C. § 405(g)). In light of *Thomas*, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the term "production pace work." *See id.*

*Steven S. v. Commissioner, Social Security Administration*
Civil No. 19-1055-DLB
April 21, 2020
Page 3

      The Commissioner further argues that the ALJ's limitations were not ambiguous and the Fourth Circuit has affirmed cases with similar limitations. Def.'s Mot. 6-7 (citing *Sizemore v. Berryhill*, 878 F.3d 72, 79 (4th Cir. 2017); *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017) (unpublished); *Martinez v. Saul*, 2019 WL 4130955 (4th Cir. Aug. 30, 2019)). The three cases on which the Commissioner relies are distinguishable from this case.

      In *Sizemore*, the Fourth Circuit affirmed an ALJ's denial of benefits in which the ALJ included an RFC limitation to "work only in [a] low stress [setting] defined as non-production jobs [without any] fast-paced work [and] with no public contact." 878 F.3d at 79 (alterations in original). The Fourth Circuit later explained that the additional "descriptors" in *Sizemore* "helped to explain the restriction intended by the ALJ, and allowed us to evaluate whether that restriction adequately accounted for the claimant's limitations." *Perry v. Berryhill*, 765 Fed. App'x 869, 872 n.1 (4th Cir. Mar. 8, 2019) (unpublished) (remanding for ALJ's failure to define "non-production oriented work setting"). Here, the RFC did not contain the "descriptors" present in *Sizemore*. Rather, the RFC limitation to "simple and routine tasks in a setting with only occasional and superficial changes and no production pace work," Tr. 15, is directly analogous to the RFC limitation in *Thomas* where the claimant was limited to the ability to "follow short, simple instructions and perform routine tasks, but no work requiring a production rate or demand pace," 916 F.3d at 310.

      The unpublished opinion in *Michaels v. Berryhill*, 697 F. App'x 223 (4th Cir. 2017), also is distinguishable. *Michaels* was a one-paragraph decision affirming the district court's judgment and did not contain any discussion of the phrase "nonproduction pace rates." Lastly, the ALJ in *Martinez v. Saul*, 2019 WL 4130955 (4th Cir. Aug. 30, 2019) included a parenthetical explanation for the RFC limitation: "not at a production-rate pace (such as an assembly line)." No. 3:17-cv-1862018, WL 709971, at *2 (W.D.N.C. Feb. 5, 2018). The ALJ here did not provide such an explanation.

      Finally, the Commissioner argues that if the ALJ committed error, the error was harmless and Plaintiff has not identified any resulting prejudice. Def.'s Mot. 7-8. I disagree. Pursuant to the Fourth Circuit's decision in *Thomas*, 916 F.3d at 312, this Court cannot determine whether the ALJ's findings were supported by substantial evidence without an explanation of the terms "production pace work." If the relevant RFC terms are "not common enough for [the court] to know what they mean without elaboration," *id.*, the Court is unable to decide whether the error in failing to explain the terms was harmless. The Court cannot decisively say that, had the ALJ defined or explained the term "production pace work," the VE would have identified the same, or any, positions that the hypothetical person could perform. *See Patterson v. Comm'r, Soc. Sec. Admin.*, 846 F.3d 656, 658 (4th Cir. 2017) ("Where an insufficient record precludes a determination that substantial evidence supported the ALJ's denial of benefits, this court may not affirm for harmless error.") (citing *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)). Therefore, remand is warranted to allow the ALJ to explain the RFC assessment and clarify the hypothetical to the VE. Without a clarification or explanation, the Court is unable to conduct a substantial evidence review.

      For these reasons, Plaintiff's Motion for Summary Judgment, ECF No. 15 is DENIED, and Defendant's Motion for Summary Judgment, ECF No. 16, is DENIED. Pursuant to sentence four

*Steven S. v. Commissioner, Social Security Administration*
Civil No. 19-1055-DLB
April 21, 2020
Page 4

of 42 U.S.C. § 405(g), the SSA's judgment is REVERSED IN PART due to inadequate analysis. The case is REMANDED for further proceedings in accordance with this opinion.

      Despite the informal nature of this letter, it should be flagged as an opinion. A separate order follows.

      Sincerely yours,

      /s/

Deborah L. Boardman
United States Magistrate Judge