**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>DEBORAH L. BOARDMAN<br>UNITED STATES DISTRICT JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_DLBChambers@mdd.uscourts.gov |

July 19, 2021

LETTER TO COUNSEL

    RE:   *Steven S. v. Saul*
           Civil No. DLB-19-1055

Dear Counsel:

    Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of plaintiff before the Court. ECF 23. In response, the Commissioner asked the Court to consider whether Mr. Murahari's requested fee is reasonable. ECF 24. I find no hearing necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED.

    On June 9, 2020, this Court awarded Mr. Murahari $3,419.13 for 16.50 hours worked on plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 20-7; ECF 22. Plaintiff subsequently received a favorable decision, which resulted in a past-due benefit award of $74,514.00. ECF 23. Mr. Murahari filed a line in which he sought $18,628.50, or 25 percent of plaintiff's past due benefits. *Id.* Mr. Murahari also indicated that he would reimburse to plaintiff the $3,419.13 he received pursuant to the EAJA. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

    An attorney who successfully represents a claimant before this Court may receive a reasonable fee not to exceed 25 percent of the claimant's total past-due benefits. 42 U.S.C. § 406(b). A court must "independent[ly] check" each agreement to ensure the agreement yields a "reasonable" result. *Gisbrecht*, 535 U.S. at 807. A court reviewing for reasonability properly considers the "character of the representation and the results the representative achieved" and may require the attorney to provide a record of hours spent working on the case and his typical hourly rate. *Id.* at 808. A fee resulting in a "windfall" to the attorney is likely not reasonable. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746–47 (6th Cir. 1989)); *see also Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (interpreting *Gisbrecht* as establishing that "a reduction in the contingent fee may be appropriate when," *inter alia*, "past-due benefits 'are large in comparison to the amount of time counsel spent on the case'").

    The Court may only award attorneys' fees under 42 U.S.C. § 406(b) for representation in court or for "court-related work." *Mudd*, 418 F.3d at 428. However, the court may consider, "as

*Steven S. v. Saul*
Civil No. DLB-19-1055
July 19, 2021
Page 2

one factor in its reasonableness determination, the time spent and work performed by counsel on the case when it was pending at the agency level." *Id.* Such consideration is appropriate insofar as it gives the court "a better understanding of factors relevant to its reasonableness inquiry, such as the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Id.*

Here, Mr. Murahari and plaintiff entered into a contingent fee agreement, by which plaintiff agreed to pay Mr. Murahari 25 percent of all retroactive benefits to which he might become entitled. ECF 20-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting 16.50 chargeable hours he worked on plaintiff's case in this court. ECF 20-7. If Mr. Murahari receives the full amount of fees he requests, his fee for representation will effectively be $1,129.00 per hour. Mr. Murahari must therefore show that an effective rate of $1,129.00 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Murahari's typical hourly billing rate is $350.00. ECF 20-6 ¶ 6. This is within the range of presumptively reasonable hourly rates commensurate with Mr. Murahari's experience as set forth in the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with an hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with an hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with an hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari. *See, e.g.*, *Janette G. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-757 (D. Md. Feb. 5, 2020); *Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090 (D. Md. July 25, 2019). This case is no exception. In taking the case on a contingency fee, Mr. Murahari agreed to the possibility of no fees, and his client agreed to pay him 25 percent of all retroactive benefits to which he might become entitled. Further, Mr. Murahari represented plaintiff in his administrative hearing after the Court's remand in this case. ECF 23-1 4. While this Court may not award Mr. Murahari fees under 42 U.S.C. § 406(b) for his representation of plaintiff at the administrative level, the Court can consider that representation as part of its reasonableness analysis. *Mudd*, 418 F.3d at 428. In this case, Mr. Murahari's effective advocacy resulted in a favorable decision for plaintiff, whose back benefits were significant. Even though the effective hourly rate of $1,129.00 is more than three times Mr. Murahari's typical

---

[1] Although they do not govern Social Security cases, guidelines regarding reasonable hourly rates are published in the District of Maryland's Local Rules. *See* Loc. R. App'x B. These guidelines provide a suitable framework with which to evaluate the reasonableness of hourly rates in Social Security cases. *See id.*; *see, e.g.*, *Arvie W. v. Cmm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187, at *2 (D. Md. Aug. 22, 2019) (using the guidelines to assess the reasonability of fees requested by a Social Security claimant's counsel). Currently, Mr. Murahari has over nine years of experience. ECF 20-6 ¶ 5. The range of presumptively reasonable hourly rates for attorneys admitted to the bar for nine to fourteen years is between $225.00 and $350.00. Loc. R. App'x B(3)(c).

*Steven S. v. Saul*
Civil No. DLB-19-1055
July 19, 2021
Page 3

hourly rate, the requested fee is reasonable in light of Mr. Murahari's direct role in all parts of plaintiff's successful claim. Thus, I find that the fee petition should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Murahari's motion seeking attorney's fees in the amount of $18,628.50, ECF 23. Mr. Murahari will reimburse plaintiff the $3,419.13 he received pursuant to the EAJA.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                                      Sincerely yours,

                                      /s/

                                      Deborah L. Boardman
                                      United States District Judge