**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

| | |
|---|---|
| CHAMBERS OF<br>J. MARK COULSON<br>UNITED STATES MAGISTRATE JUDGE | 101 WEST LOMBARD STREET<br>BALTIMORE, MARYLAND 21201<br>(410) 962-7810<br>Fax: (410) 962-2577<br>MDD_JMCChambers@mdd.uscourts.gov |

January 21, 2022

LETTER TO COUNSEL

    RE:   *Steven S. v. Commissioner, Social Security Administration*
            Civil Case No. JMC-19-1055

Dear Counsel:

    Arjun K. Murahari, Esq. has filed another motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before this Court. ECF 27. In response, the Commissioner asked this Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. ECF 28. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED in part.

    This Court has awarded Mr. Murahari a total of $3,419.13 for a total of 16.5 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF 22. Plaintiff subsequently received an Award Notice for past due benefits. ECF 23-2. Mr. Murahari then filed a Motion in this Court, seeking $18,628.50 in attorney's fees (inclusive of $6,000 for work performed at the administrative level). ECF 23. Mr. Murahari agreed to reimburse Plaintiff in the amount of the CJRA fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009). This Court granted that petition for fees on July 19, 2021. ECF 26. Now, because Plaintiff received another Award Notice for additional past due benefits, Mr. Murahari seeks 25% of that new award, for a total of an additional $3,347.00 in fees. ECF 27-2.

    The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. Importantly, the Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989). Courts may

*Steven S. v. Commissioner, Social Security Administration*
Civil No. JMC-19-1055
January 21, 2022
Page 2

require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which he might become entitled. ECF 20-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted itemized reports documenting 16.5 chargeable hours he expended before this Court in Plaintiff's case. ECF 20-7(listing a total of 19.6 hours, 3.1 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation before this Court will effectively total $1331.82 per hour. Mr. Murahari must therefore show that an effective rate of $1331.82 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Notably, Mr. Murahari's typical hourly billing rate is $350, ECF 20-6 ¶ 6, which, coincidentally, is also the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari, generally reasoning that a rate of slightly more than triple the top hourly rate is a reasonable one under these circumstances. *See Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148, 2019 WL 3975187 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090, 2019 WL 3340738 (D. Md. July 25, 2019); *Kimberly B v. Comm'r, Soc. Sec. Admin.*, No. SAG-16-2519, 2019 WL 1559426 (D. Md. Apr. 10, 2019). In this case, Judge Boardman previously found an hourly rate of $1,129.00 to be reasonable for Mr. Murahari's work in this case. This motion essentially asks that that rate be increased by another $202.00 per hour, and this Court does not believe that large increase is warranted. However, in light of the modest additional success experienced by Mr. Murahari's client, this Court believes that an hourly rate of $1,150.00 in this case is reasonable and should be approved. At that rate, the total fee award would be $18,975.00, which is $346.50 more than the prior award Mr. Murahari has already received.

For the reasons set forth herein, this Court GRANTS IN PART Mr. Murahari's Motion seeking additional attorney's fees, ECF 27. This Court will award Mr. Murahari additional attorney's fees totaling $ 346.50, to be paid by Plaintiff since the agency failed to withhold them.

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App. B (D. Md. 2021). Currently, Mr. Murahari has over ten years of experience, ECF 20-6 ¶ 5, and the presumptively reasonable hourly rate for attorneys admitted to the bar for nine (9) to fourteen (14) years is between $225.00 and $350.00, Loc. R. App. B (D. Md. 2021).

*Steven S. v. Commissioner, Social Security Administration*
Civil No. JMC-19-1055
January 21, 2022
Page 3

    Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

                      Sincerely yours,

                      /s/

                      J. Mark Coulson
                      United States Magistrate Judge